UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 5:20-cr-00117 |
| Plaintiff, | ) ) ) | JUDGE JOHN R. ADAMS |
| v. | ) ) | |
| DENNIS J. LUSTER, | ) ) | **MEMORANDUM OF OPINION AND ORDER** |
| Defendant. | ) ) | (Resolving Docs. 215, 226, 231) |

This matter is before the Court on the *Motion to Reduce Sentence* (Doc. 215) and the *Motion for Sentence Reduction Pursuant to Amendment 821 & 18 U.S.C. 3582* (Doc. 226) (the "Motion") filed by Dennis Luster ("Luster"). The United States of America filed the *Government's Response in Opposition to Defendant's Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(2)* (Doc. 231).

For the reasons stated below, the motions are DENIED.

I. BACKGROUND

A federal grand jury charged Luster with conspiracy to commit bank robbery in violation of 18 U.S.C. § 371 (Count One), two counts of bank robbery in violation of 18 U.S.C. §§ 2113(a), (d) and 2 (Counts Four and Five), conspiracy to commit Hobbs Act Robbery in violation of 18 U.S.C. § 1951 (Count Seven), and interference with commerce by robbery in violation of 18 U.S.C. §§ 1951 and 2 (Count 14). Doc. 1. Pursuant to a plea agreement (Doc. 143), Luster pled guilty as to all counts.

In preparation for sentencing, the United States Pretrial Services and Probation Office prepared the Pre-Plea Presentence Investigation Report (the "PSI"). Doc. 109. The PSI indicated

1

Luster had a total offense level of 25 (after a three-level reduction for acceptance of responsibility) and a criminal history category of IV. Doc. 109 at p. 21, ¶ 105. However, during sentencing, the criminal history category was corrected to V due to a miscalculation and the then-recent adjudication of Luster's robbery conviction before the state court, therefore the advisory guideline range was corrected to 120–125 months. The Court ultimately sentenced Luster to a term of 125 months' imprisonment. Doc. 180.

After Luster's sentencing, the United States Sentencing Commission issued Amendment 821. He now seeks retroactive application of Amendment 821 to reduce his sentence to 105 months.

## II.  LAW AND ANALYSIS

### A.  Legal Standard

A defendant that has been sentenced to a term of imprisonment based on a subsequently lowered sentencing range may move the Court to reduce their term of imprisonment. 18 U.S.C. § 3582(c)(2). The lowered sentencing range in this case resulted from Amendment 821, which was made retroactive by 18 U.S.C. Appx. § 825 ("Amendment 825"). The Court must employ a two-step approach when deciding whether to reduce the defendant's sentence pursuant to a retroactive amendment. *United States v. Jones*, 980 F.3d 1098, 1107 (6th Cir. 2020) (quoting *Dillon v. United States*, 560 U.S. 817, 826–27 (2010)).

First, the Court must ensure the defendant is eligible for a sentence modification pursuant to 18 U.S.C. Appx § 1B1.10 (the "Policy Statement"). *Id.* Relevant in this case, the Policy Statement applies to Amendment 821. *See* 18 U.S.C. Appx § 1B1.10, n.7.

If the defendant is eligible, the Court is further instructed to consider the applicable 18 U.S.C. § 3553(a) factors to determine whether a reduction is warranted in light of the particular

circumstances of the case. *Jones*, 980 F.3d at 1107. The section 3553(a) factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the applicable sentencing guidelines range; (5) any pertinent policy statement; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. *See* 18 U.S.C. § 3553(a).

    **B. Analysis**

In the Motion, Luster asks the Court to reduce his sentence under Amendment 821 based on the assertion that the amendment changes his criminal history points and, as a result, the advisory range is lowered to 84–105 months as opposed to the 100–125 months that applied at the time of sentencing. Doc. 226 at p. 2. Part A of Amendment 821 created a new U.S.S.G. § 4A1.1(e) that provides:

> [a]dd 1 point if the defendant (1) receives 7 or more points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.

At the time of sentencing, Luster's total criminal history points were ten. Eight (8) of those points were the result of previous criminal convictions. Doc. 226 at p. 2, n.1. Two (2) additional points were added in accordance with the then-current § 4A1.1(d)[1] because the underlying offenses

---

[1] U.S.S.G. § 4A1.1(d) previously provided for "[two] points if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment,

were committed while Luster was on probation following a state drug possession conviction. Doc. 109 at p. 16, ¶ 82. Luster now argues that the new § 4A1.1(e) would apply to adjust his guidelines range because he would only receive one any additional criminal history point due to the offenses taking place while he was on probation, therefore his total criminal history points would be nine (9) under the new calculation. Doc. 226 at p. 3. The Court finds that Amendment 821 affects Luster's criminal history computation and he is thus eligible for consideration of a sentence reduction.

However, upon consideration of the applicable § 3553(a) factors, the Court has determined that a reduction is not warranted in light of the circumstances of Luster's case. *See Jones*, 980 F.3d at 1107. This is due to Luster's criminal history and characteristics, the nature and circumstances of the offenses, and the need of the sentence to promote respect for the law, afford adequate deterrence, and protect the public from future crimes. *See* 18 U.S.C. §§ 3553(a)(1), (2). First, Luster has a lengthy criminal history which shows he has yet to be deterred from illegal activity. His has over 20 convictions, including many driving infractions, several possession and trafficking charges, and disorderly conduct. Doc. 109 at pp. 11–16, ¶¶ 60–80. His conduct during the underlying offenses, however, shows that more serious concern for his violent tendencies is necessary. Luster and his co-conspirators committed two armed robberies involving banks and one involving a fast-food restaurant, where they took a total of about $25,000. Doc. 109 at pp. 6–8, ¶¶ 13–20. Luster was responsible for putting lives in jeopardy and these offenses were of a very serious nature – the type that can incite fear of the direct victims and bystanders long into the future. Additionally, Luster's sentence fell within the applicable sentencing guidelines range at the time. *See* 18 U.S.C. § 3553(a)(4). At the time of sentencing, the Court considered Luster's offenses,

---

work release, or escape status." Amendment 821 removed this language and substituted it with the new subsection (e).

criminal history, and characteristics, and determined that a 125-month sentence promoted respect for the law, afforded adequate deterrence, and protected the public. *See* 18 U.S.C. § 3553(a)(2).

Given the facts and after consideration of the § 3553(a) factors, the Court finds a reduction to Luster's sentence is not warranted. The Court's imposition of the sentence was sufficient but not greater than necessary, and if sentenced today with a one-point reduction pursuant to Amendment 821, this Court would impose the same sentence.

### III.    CONCLUSION

For the reasons stated above, the *Motion to Reduce Sentence* (Doc. 215) and the *Motion for Sentence Reduction Pursuant to Amendment 821 & 18 U.S.C. 3582* (Doc. 226) are DENIED.


Date:   December 16, 2024                                  */s/ John R. Adams*
                                                           JOHN R. ADAMS
                                                           UNITED STATES DISTRICT JUDGE